**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


PAUL CHISOLM,                      :
                                   :    Civil Action No. 09-6374 (FLW)
            Petitioner,            :
                                   :
       v.                          :    OPINION
                                   :
MICHELLE RICCI, et al.,            :
                                   :
            Respondents.           :
```

**APPEARANCES**:

Petitioner pro se
Paul Chisolm
New Jersey State Prison
P.O. Box 861
Trenton, NJ  08625

**WOLFSON**, District Judge

Petitioner Paul Chisolm, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Michelle Ricci and the Attorney General of New Jersey.

This matter is presently before the Court pursuant to Petitioner's submission of a Motion [3] to stay this matter in order to allow him to exhaust certain claims in state court.  For the reasons stated herein, the Motion must be denied.

I.  BACKGROUND

A.  Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> In brief, defendant and his codefendant [Beth Smallwood] (collectively, defendants) were charged with the kidnapping and murders of two fellow drug dealers, Peter Sizemore and Cathy Brown.  Because the victims allegedly had stolen drugs from defendants, they forced the victims into a room in a boarding house where defendants had been selling drugs.  Witnesses heard thumping sounds and muffled squeals from Brown.  While Smallwood struck Brown, defendant beat Sizemore unconscious.  When Brown became loud and hysterical, defendant threw her into a closet.  Then, Smallwood gave defendant a knife with which he repeatedly stabbed Sizemore.  Later, defendants moved the bodies of Sizemore and Brown to the basement of the boarding house, and then removed them to a park where they burned them.

State v. Chisolm, 2009 WL 910414, *2 (N.J.Super. App.Div. Apr. 7, 2009).

B.  Procedural History

Petitioner was convicted of two counts of felony murder and one count of kidnapping.  On February 19, 2001, Petitioner was sentenced to an aggregate sentence of life imprisonment with a 30-year period of parole ineligibility.  The Superior Court of

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

New Jersey, Appellate Division, affirmed the conviction and sentence and, on May 21, 2004, the Supreme Court of New Jersey denied certification.  State v. Chisolm, 180 N.J. 358 (2004).[2]

In August 2004, Petitioner filed his first state petition for post-conviction relief.  The trial court denied relief and the Appellate Division affirmed the denial of relief.  On June

---

[2] On direct appeal, Petitioner raised the following claims, unsuccessfully:

> POINT I - THE TRIAL JUDGE ERRED IN DENYING THE MOTION TO DISMISS THE COUNTS OF THE INDICTMENT CHARGING KIDNAPPING AND FELONY MURDER.
>
> POINT II - THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION [FOR] A NEW TRIAL BASED UPON THE LACK OF SUFFICIENCY OF THE EVIDENCE OR IN THE ALTERNATIVE TO DISMISS THE KIDNAPPING AND FELONY MURDER COUNTS OF THE INDICTMENT.
>
> POINT III - THE COURT ERRED IN ADMITTING EVIDENCE OF THE DEFENDANT'S OTHER CRIMES AND/OR BAD ACTS TOWARD THE DECEDENT PETER SIZEMORE.
>
> POINT IV - THE COURT ERRED IN EXCLUDING THE STATEMENT OF KEISHA HOWELL WHICH STATED THAT IF THE DEFENDANT WOULD HAVE BEEN PRESENT THESE CRIMES WOULD NOT HAVE OCCURRED.
>
> POINT V - UNDER THE TEST DEVELOPED IN STRICKLAND/FRITZ THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> POINT VI - THE ACCUMULATION OF ERRORS DEMAND THAT THE DEFENDANT BE RETRIED.
>
> POINT VII - THE SENTENCE WAS MANIFESTLY EXCESSIVE.

State v. Chisolm, 2009 WL 910414, *1-*2.

18, 2009, the Supreme Court of New Jersey denied certification. State v. Chisolm, 199 N.J. 542 (2009).[3]

---

[3] On appeal from the denial of post-conviction relief, Petitioner raised the following issues:

> POINT I - THE LOWER COURT ORDER MUST BE REVERSED SINCE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
>> A) TRIAL COUNSEL FAILED TO CROSS EXAMINE KIESHA HOWELL IN AN EFFECTIVE MANNER.
>>
>> B) TRIAL COUNSEL FAILED TO REQUEST A CHARGE ON AN AFFIRMATIVE DEFENSE TO FELONY-MURDER.
>>
>> C) TRIAL COUNSEL FAILED TO CONSULT AND PRESENT THE TESTIMONY OF EXPERTS.
>>
>> D) TRIAL COUNSEL FAILED TO MOVE FOR A JUDGMENT OF ACQUITTAL OR FOR A NEW TRIAL BASED ON THE VERDICT BEING AGAINST THE WEIGHT OF THE EVIDENCE.
>>
>> E) TRIAL COUNSEL FAILED TO ADEQUATELY INVESTIGATE AND PREPARE THE CASE.
>>
>> F) TRIAL COUNSEL FAILED TO CONSULT WITH DEFENDANT REGARRDING A WADE HEARING.
>
> POINT II - THE LOWER COURT ORDER DENYING THE PETITION MUST BE REVERSED SINCE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.
>
> POINT III - THE LOWER COURT ORDER DENYING THE PETITION MUST BE REVERSED SINCE CUMULATIVE ERRORS BY COUNSEL AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> POINT IV - THE TRIAL COURT ERRED IN NOT CHARGING THE JURY ON A DEFENSE SUA SPONTE AND THE LOWER COURT ORDER MUST THEREFORE BE REVERSED.
>
> POINT V - THE LOWER COURT ERRED IN NOT GRANTING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING AND THE LOWER COURT ORDER MUST THEREFORE BE REVERSED.
>
> POINT VI - THE LOWER COURT ORDER DENYING THE PETITION

This Petition followed.  Here, Petitioner asserts the following grounds for relief:

> GROUND ONE:  The State Court Misapplied Strickland and Cumulative Errors.  ... Trial Counsel failed to object and move for mistrial, and cumulative-error issues concerning record, suppressed confrontation violations, excessive other-crimes evidence, and a complete lack of curative and limited-use instructions.
>
> GROUND TWO:  Cumulative Error:  The combination of the various confrontation violations and uncured/unlimited other crimes resulted in a denial of a fair trial as a result of ineffective counsel and denial of appellate consideration due to post-trial ineffectiveness.

(Petition, ¶ 12.)  Petitioner asserts that both of these grounds for relief were raised in his state petition for post-conviction relief.  He also alleges that he has pending in state court a motion to file a second state petition for post-conviction relief.  Petitioner does not assert the grounds he has raised, or intends to raise, in this second state petition.

In response to this Court's Notice and Order [2] advising Petitioner of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner filed a Motion [3] for Stay and Abeyance.  In the Memorandum of Law in support of the Motion, petitioner asserts that "he recently realized that his ineffective-assistance-of-counsel claims contain both exhausted and unexhausted claims, and that some of his claims had not been

---

> MUST BE REVERSED SINCE DEFENDANT'S CLAIMS ARE NOT PROCEDURALLY BARRED UNDER R. 3:22-4.

State v. Chisolm, 2009 WL 910414, *2.

presented in state-court proceedings." (Memorandum of Law at 5.) Petitioner asserts that he is "nearly prepared" to file papers in state court raising these unexhausted claims. Plaintiff does not, however, describe the allegedly unexhausted claims, nor does he provide any explanation for the delay in asserting those claims in state court.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

>    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>
>    ...

28 U.S.C. § 2254.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[4] which provides in pertinent part:

>    (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

As noted above, state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[5] 28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts

---

[5] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same.  Id. at 277.

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim"). More recently, because the one-year statute of limitations enacted by AEDPA in 1996 is not statutorily tolled by the premature filing of a federal habeas petition, see Duncan v. Walker, 533 U.S. 167 (2001), federal courts sometimes may stay § 2254 habeas proceedings to permit prisoners to exhaust state claims. Petitioner has requested such a stay.

### III.  ANALYSIS

Petitioner has asked this Court for a stay of these proceedings so that he can exhaust, in state court, certain undescribed claims of ineffective assistance of counsel.

10

As noted above, the exhaustion requirement is a "total exhaustion" rule; that is, all claims presented in the federal habeas petition must have been exhausted in state court. Rose v. Lundy, 455 U.S. 509 (1982). At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[6] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

---

[6] See 28 U.S.C. § 2244(d).

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-

conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, Petitioner has failed to demonstrate good cause for failure to exhaust the claims with respect to which he seeks a stay.  Indeed, Petitioner has failed to provide this Court with any explanation whatsoever of the reasons behind his failure to exhaust certain claims.

Nor has Petitioner provided this Court with any evidence suggesting that the unexhausted claims are "potentially meritorious."  To the contrary, he has failed to describe them at all.  Under these circumstances, this Court cannot find that it would be appropriate to stay this proceeding in order to permit Petitioner to return to state court to pursue his unexhausted claims, whatever they might be.

In accordance with Rhines v. Weber, therefore, this Court will grant Petitioner leave to advise this Court whether he wishes to withdraw these unexhausted claims, and proceed with the exhausted claims, rather than face dismissal without prejudice of

the entire mixed petition.[7]  This Court takes no position as to whether any subsequently filed petition might be time-barred.

## IV.  CONCLUSION

For the reasons set forth above, Petitioner's request for a stay of this proceeding will be denied.  An appropriate order follows.

 

s/Freda L. Wofson
Freda L. Wolfson
United States District Judge

Dated: July 20, 2010

---

[7] It is not clear whether the unexhausted claims are claims already asserted in the Petition or whether they are claims Petitioner wishes to exhaust in state court and then add to the Petition.  It would be in Petitioner's best interest to be explicit about the nature of the claims in responding to the accompanying Order.

14