```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
```

```
PAUL CHISOLM,                    :
                                 :     Civil Action No. 09-6374 (FLW)
          Petitioner,            :
                                 :
     v.                          :     OPINION
                                 :
MICHELLE RICCI, et al.,          :
                                 :
          Respondents.           :
```

**APPEARANCES:**

**PAUL CHISOLM**, Petitioner Pro Se
417034-#38196B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

**SARA BETH LIEBMAN**, Attorney for Respondent
Union County Prosecutor's Office
32 Rahway Avenue
Elizabeth, New Jersey 07202

Petitioner Paul Chisolm, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Michelle Ricci and the Attorney General of New Jersey. For the reasons stated below, the Petition must be denied.

## I. BACKGROUND

### A. Factual Background

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate

deference, see 28 U.S.C. § 2254(e)(1)[1], will simply reproduce the recitation as set forth in the unpublished opinion of the Superior Court of New Jersey, Appellate Division, decided on April 7, 2009, with respect to Petitioner's appeal from the trial court's denial of his petition for post-conviction relief:

> In brief, defendant and his codefendant [Beth Smallwood] (collectively, defendants) were charged with the kidnapping and murders of two fellow drug dealers, Peter Sizemore and Cathy Brown. Because the victims allegedly had stolen drugs from defendants, they forced the victims into a room in a boarding house where defendants had been selling drugs. Witnesses heard thumping sounds and muffled squeals from Brown. While Smallwood struck Brown, defendant beat Sizemore unconscious. When Brown became loud and hysterical, defendant threw her into a closet. Then, Smallwood gave defendant a knife with which he repeatedly stabbed Sizemore. Later, defendants moved the bodies of Sizemore and Brown to the basement of the boarding house, and then removed them to a park where they burned them.

State v. Chisolm, 2009 WL 910414, at *2 (N.J.Super.App.Div. Apr. 7, 2009).

**B. Procedural History**

Petitioner was convicted of two counts of felony murder and one count of kidnapping. On February 19, 2001, Petitioner was sentenced to an aggregate sentence of life imprisonment with a 30-year period of parole ineligibility. The Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

and, on May 21, 2004, the New Jersey Supreme Court denied certification.  State v. Chisolm, 180 N.J. 358, 851 A.2d 651 (2004).[2]

In August 2004, Petitioner filed his first state petition for post-conviction relief.  The trial court denied relief and the Appellate Division affirmed the denial of relief.  On June 18, 2009, the Supreme Court of New Jersey denied certification.  State v. Chisolm, 199 N.J. 542, 973 A.2d 945 (2009).[3]

---

[2] On direct appeal, Petitioner raised the following claims, unsuccessfully:

POINT I-THE TRIAL JUDGE ERRED IN DENYING THE MOTION TO DISMISS THE COUNTS OF THE INDICTMENT CHARGING KIDNAPPING AND FELONY MURDER.

POINT II-THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION [FOR] A NEW TRIAL BASED UPON THE LACK OF SUFFICIENCY OF THE EVIDENCE OR IN THE ALTERNATIVE TO DISMISS THE KIDNAPPING AND FELONY MURDER COUNTS OF THE INDICTMENT.

POINT III-THE COURT ERRED IN ADMITTING EVIDENCE OF THE DEFENDANT'S OTHER CRIMES AND/OR BAD ACTS TOWARD THE DECEDENT PETER SIZEMORE.

POINT IV-THE COURT ERRED IN EXCLUDING THE STATEMENT OF KEISHA HOWELL WHICH STATED THAT IF THE DEFENDANT WOULD HAVE BEEN PRESENT THESE CRIMES WOULD NOT HAVE OCCURRED.

POINT V-UNDER THE TEST DEVELOPED IN STRICKLAND/FRITZ THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

POINT VI-THE ACCUMULATION OF ERRORS DEMAND THAT THE DEFENDANT BE RETRIED.

POINT VII-THE SENTENCE WAS MANIFESTLY EXCESSIVE.

State v. Chisolm, 2009 WL 910414, *1-*2.

[3] On appeal from the denial of post-conviction relief, Petitioner raised the following issues:

POINT I-THE LOWER COURT ORDER MUST BE REVERSED SINCE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

A) TRIAL COUNSEL FAILED TO CROSS EXAMINE KEISHA HOWELL IN AN EFFECTIVE MANNER.

B) TRIAL COUNSEL FAILED TO REQUEST A CHARGE ON AN AFFIRMATIVE DEFENSE TO FELONY-MURDER.

C) TRIAL COUNSEL FAILED TO CONSULT AND PRESENT THE TESTIMONY OF EXPERTS.

This Petition followed.  Here, Petitioner asserts the following grounds for relief:

> GROUND ONE: The State Court Misapplied Strickland and Cumulative Errors.... Trial Counsel failed to object and move for mistrial, and cumulative-error issues concerning record, suppressed confrontation violations, excessive other-crimes evidence, and a complete lack of curative and limited-use instructions.
>
> GROUND TWO: Cumulative Error: The combination of the various confrontation violations and uncured/unlimited other crimes resulted in a denial of a fair trial as a result of ineffective counsel and denial of appellate consideration due to post-trial ineffectiveness.

(Pet., ¶ 12.)

Petitioner asserted that both of these grounds for relief were raised in his state petition for post-conviction relief.  He also alleged that he has pending in state court a motion to file a second state petition for post-conviction relief.  Petitioner did

---

D) TRIAL COUNSEL FAILED TO MOVE FOR A JUDGMENT OF ACQUITTAL OR FOR A NEW TRIAL BASED ON THE VERDICT BEING AGAINST THE WEIGHT OF THE EVIDENCE.

E) TRIAL COUNSEL FAILED TO ADEQUATELY INVESTIGATE AND PREPARE THE CASE.

F) TRIAL COUNSEL FAILED TO CONSULT WITH DEFENDANT REGARDING A WADE HEARING.

POINT II-THE LOWER COURT ORDER DENYING THE PETITION MUST BE REVERSED SINCE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

POINT III-THE LOWER COURT ORDER DENYING THE PETITION MUST BE REVERSED SINCE CUMULATIVE ERRORS BY COUNSEL AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT IV-THE TRIAL COURT ERRED IN NOT CHARGING THE JURY ON A DEFENSE SUA SPONTE AND THE LOWER COURT ORDER MUST THEREFORE BE REVERSED.

POINT V-THE LOWER COURT ERRED IN NOT GRANTING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING AND THE LOWER COURT ORDER MUST THEREFORE BE REVERSED.

POINT VI-THE LOWER COURT ORDER DENYING THE PETITION MUST BE REVERSED SINCE DEFENDANT'S CLAIMS ARE NOT PROCEDURALLY BARRED UNDER R. 3:22-4.

State v. Chisolm, 2009 WL 910414, *2.

not assert the grounds he raised, or intends to raise, in the second state petition.

In response to this Court's Notice and Order advising Petitioner of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner filed a Motion for Stay and Abeyance. (Docket Entry No. 3.) In the Memorandum of Law in support of the Motion, Petitioner asserted that "he recently realized that his ineffective-assistance-of-counsel claims contain both exhausted and unexhausted claims, and that some of his claims had not been presented in state-court proceedings." (Mem. of Law at 5.) Petitioner asserted that he is "nearly prepared" to file papers in state court raising these un exhausted claims. Petitioner did not, however, describe the allegedly unexhausted claims, nor did he provide any explanation for the delay in asserting those claims in state court.

In an Opinion and Order dated July 20, 2010, this Court denied Petitioner's request for a stay. (Docket Entry Nos. 5&6.) The Court advised Petitioner that "within 30 days after entry of this Order, Petitioner shall advise the Court whether he wishes to withdraw his unexhausted claims and proceed with his exhausted claims...failure to so advise the Court may result in dismissal without prejudice of the Petition, as a mixed petition, without further notice from the Court." (Docket Entry No. 6.) In response, Petitioner filed a letter stating that he wished to

5

proceed only with his exhausted claims. (Docket Entry No. 7.) The Court entered an order to answer and Respondents filed an answer. (Docket Entry Nos. 8&17.) On December 29, 2010, Petitioner filed a motion for an extension of time to file his reply. (Docket Entry No. 18.) The Court granted his request and he was given until March 7, 2011 to file his reply. (Docket Entry No. 19.) The Court did not receive any reply from Petitioner, but thereafter, he sent a letter to this Court stating that he had sent a reply but had not received confirmation that the Court received it. (Docket Entry No. 20.) On May 18, 2011, the Court entered an order giving Petitioner an additional thirty days to submit his reply. (Docket Entry No. 21.) To date, the Court has not received any reply or other further filings from Petitioner.

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence...

28 U.S.C. § 2254.

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09.

To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d

8

Cir. 1999).  Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)).  With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000); Purnell v. Hendricks, 2000 WL 1523144, *6 n. 4 (D.N.J. 2000). See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).  In such instances, "the federal habeas court must conduct a de novo review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA." Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)).  "However, § 2254(e)(1) still mandates that the state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence." Appel, 250 F.3d at 210.

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969).

**B. Analysis**

Petitioner's claims for relief appear to be ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

**1. Ineffective Assistance of Trial Counsel**

With regard to trial counsel, it appears that Petitioner is arguing that counsel was ineffective due to his failure to move for a mistrial and cumulative errors, including "record supported confrontation violations, excessive other crimes evidence, and a complete lack of curative and limited use instructions." (Pet. at ¶ 12a.)

In his petition for post-conviction relief, Petitioner raised an ineffective assistance of trial counsel argument based on counsel's failure to request a charge to the jury on an affirmative defense to the felony murder count and counsel's failure to properly cross-examine Keisha Howell, a witness for the

10

prosecution.  The trial court denied the petition on all grounds.  (Docket Entry No. 17-8, Pet.'s Br. Supp. PCR Appeal at 19.)  In his appeal of the denial of the PCR petition, Petitioner raised several grounds, including counsel's failure to properly cross-examine Keisha Howell and failure to request an affirmative defense charge.  (<u>Id.</u> at 23-33.)  It does not appear that Petitioner raised his ineffective assistance of trial counsel claim based on failure to move for a mistrial, excessive other crimes evidence and failure to request curative and limited use instructions.  Since Petitioner elected to withdraw any unexhausted claims, the Courts finds that these claims have been withdrawn.[4]  As such, only the ineffective assistance of trial counsel claim regarding a jury charge on an affirmative defense to the felony murder count and counsel's failure to properly cross-examine Keisha Howell remain.

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right ... to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984).

---

[4] As stated above, pursuant to this Court's Order of July 20, 2010, Petitioner filed a letter stating that he wished to proceed only with his exhausted claims.  (Docket Entry No. 7.)

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. See Strickland, 466 U.S. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011)(citing Strickland, 466 U.S. at 690, 104 S.Ct. 2052). "To overcome that presumption, a defendant must show that counsel failed to act 'reasonabl[y] considering all the circumstances.'" Id. (citing Strickland, 466 U.S. at 688, 104 S.Ct. 2052).

Further, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id.

To satisfy the prejudice prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding'...Counsel's

12

errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 131 S.Ct. 770, 788 (2011)(citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052). As the Supreme Court explained,

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

Strickland, 466 U.S. at 695-96.

The Supreme Court instructs that a court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

Petitioner presented his ineffective assistance of counsel claims in his petition for post-conviction relief. After listening to arguments by counsel, Judge Malone denied the petition in an

13

oral opinion stating, in relevant part:

> The affirmative defense to felony murder requires a showing of the four factors. And all must be present for that defense to be available.
>
> In this case based on the evidence that was present, it simply was not in the case, this affirmative defense. The evidence was substantial that there was no basis in fact to present to a jury the affirmative defense simply not supported by the evidence. The fact that counsel did not raise that affirmative defense does not to my view raise to the level of ineffective. The counsel certainly was acting as the counsel required by the Sixth Amendment. And simply faced with a set of facts within the case, facts about the presence of a weapon, the intent to harm the victims, that simply did not permit the affirmative defense to be raised.
>
> And as to the cross-examination of Keisha Howell, as I said, we can all Monday morning quarterback and you can pick through a transcript and perhaps think of a question or two questions or even five questions that you might have posed to Keisha Howell. But in this case, I cannot conclude that the overall performance of counsel in cross-examining Ms. Howell, and Mr. Devine is right on when he said that she was a critical witness to the State's case, she absolutely was a critical witness to the state's case. And I think that was not a point missed by Mr. Florczak.
>
> Mr. Florczak approached this case knowing full well that the defense of the serious charges in this case depended upon an attack on Keisha Howell. A cross examination of her testing her credibility and raising questions before the jury that the defense would hope would be sufficient to raise reasonable doubt. There was a lengthy cross examination of Ms. Howell. Ms. Howell's own criminal involvement was certainly raised and I believe every reasonable effort by a defense counsel to put before the jury sufficient questions, sufficient doubt about Ms. Howell's credibility was made. Every effort to do that was made. The jury faced with what was essentially a case based strongly on circumstantial evidence, nevertheless, chose to make the findings that they did based on the evidence that was presented.
>
> But I cannot conclude that either with respect to the

> charge or with respect to the cross examination of Ms. Howell that counsel was deficient as that term is defined by our cases. Accordingly, this post conviction relief petition must be denied.

(Resp.'s Ex. 24, Tr. PCR Mot 17:7 - 19:7.)

After citing Strickland and applying the relevant legal standard, the Appellate Division affirmed, stating in relevant part:

> Upon review of a PCR decision, this court defers to the PCR court's factual findings if they were supported by "adequate, substantial and credible evidence." State v. Harris, 181 N.J . 391, 415, 859 A.2d 364 (2004), cert. denied, 545 U.S. 1145, 125 S.Ct. 2973, 162 L. Ed.2d 898 (2005). The PCR court's legal conclusions, however, are reviewed de novo. Id. at 416, 859 A.2d 364.
>
> Here, defendant's primary argument is that trial counsel failed to adequately cross-examine the prosecution's key witness, Keisha Howell. We reject that argument for the reasons expressed by Judge Malone in his March 30, 2007 opinion from the bench. No additional discussion as to that issue is required.
>
> We further conclude that trial counsel was not ineffective for failing to request a jury instruction as to the affirmative defense to felony murder as set forth in N.J.S.A. 2C:11-3a(3); and that the trial court did not commit plain error by not sua sponte providing such an instruction. The PCR court barred that argument pursuant to Rule 3:22-4 because defendant should have raised it on direct appeal...
>
> We agree with Judge Malone that defendant is procedurally barred from raising this issue. Defendant has failed to show that the issue could not have been previously raised, that enforcement of the procedural bar would result in fundamental injustice, or that enforcement would be contrary to the State or federal constitution.
>
> We also conclude that substantively, defendant's claim is without merit, and trial counsel's failure to request such a charge was not ineffective. Where a defendant is

15

>  not the only participant in the underlying crime, an affirmative defense to felony-murder is available if the defendant:
>
>  (a) [d]id not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and
>  (b) [w]as not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons; and
>  (c) [h]ad no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article or substance; and
>  (d) [h]ad no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury.
>
>  [ N.J.S.A. 2C:11-3a(3).]
>
>  The affirmative defense to felony-murder requires a showing of all four factors. Ibid.
>
>  Here, the evidence simply does not support the statutory criteria to have warranted the affirmative defense to felony murder charge. Witnesses saw defendant leave the room where the victims were apparently murdered after the screaming coming from the room had ceased. The police found DNA consistent with Sizemore's blood in defendant's rented car. In the boarding house where defendants operated their drug business, the police found Sizemore's blood in the room where defendant allegedly murdered him, as well as on mattress filler in the boarding house's basement. The police also found hairs, consistent with Brown's, in the trunk of defendant's rented car. Thus, adequate evidence existed to support the PCR court's finding that defendant could not show that all four factors of the affirmative defense were present.

State v. Chisolm, 2009 WL 910414, at *3-5 (N.J.Super.App.Div. April 7, 2009).

The foregoing shows that the New Jersey courts reasonably applied the Supreme Court's holding in Strickland and its progeny.

16

Petitioner has demonstrated neither that counsel's performance was deficient, nor that the results of the trial would have been different had the attorney acted as Petitioner now suggests. Specifically, the New Jersey courts pointed to ample support for the decision not to assert an affirmative defense to the felony murder charge. Further, this Court has reviewed the transcripts and it is clear from the record there was substantial cross-examination of Ms. Howell and the state courts were correct in their holdings. Accordingly, the New Jersey courts' adjudication of Petitioner's ineffective assistance of trial counsel claims was not contrary to, or an unreasonable application of Strickland and other Supreme Court holdings.

**2. Ineffective Assistance of Appellate Counsel**

It appears that Petitioner also alleges that he received ineffective assistance of appellate counsel. Specifically, that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness.

The Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, Evitts at 396. The ineffective assistance of counsel standard of Strickland, 466 U.S. at 686, applies to a

Case 3:09-cv-06374-FLW   Document 22   Filed 12/02/11   Page 18 of 20 PageID: 1651

claim that appellate counsel was ineffective. See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002). Defense counsel has a constitutionally imposed duty to consult with the defendant about whether to appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). The term "'consult' convey[s] a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Flores-Ortega at 478.

In this case, the New Jersey courts' adjudication of Petitioner's ineffective assistance of appellate counsel claim was not contrary to, or an unreasonable application of Strickland and other Supreme Court holdings. Specifically, it appears that Petitioner's appellate counsel did raise an ineffective assistance of counsel claim on direct appeal and the Appellate Division did not address this claim, stating that petitioner could raise it in a petition for post-conviction relief. (Resp.'s Br., Ex. 3, State of New Jersey v. Chisolm, A-4637-00T4, at *25 (N.J.Super.App.Div. December 8, 2003.) It appears that this claim was raised in Petitioner's appeal of the trial court's denial of his PCR

petition, which was denied by the Appellate Division. As such, Petitioner failed to meet the first prong.

Even if the Court were to assume arguendo that Petitioner had met the first prong of Strickland, Petitioner failed to show any prejudice as a result of the alleged ineffectiveness. Therefore, he did not meet the requirements for an ineffective assistance of appellate counsel claim and the petition will be denied on this ground.  See Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999) (rejecting state petitioner's § 2254 claim that right to effective assistance of counsel on direct appeal was violated by appellate counsel's failure to argue that trial counsel had rendered ineffective assistance).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability shall issue.

**IV. CONCLUSION**

For the above reasons, this Court finds that the § 2254 habeas petition must be denied, and a certificate of appealability will not issue. An appropriate Order follows.

DATED: December 2, 2011

                                                <u>s/Freda L. Wolfson</u>
                                                FREDA L. WOLFSON
                                                UNITED STATES DISTRICT JUDGE